**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr233**

| | | |
|---|---|---|
| **MIGUEL A. LORIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on a letter dated September 30, 2011, written to Honorable Martin Reidinger, United States District Judge, who sentenced petitioner in 2009 and denied his Section 2255 petition in 2011. Such letter was referred by Judge Reidinger to the undersigned for disposition on October 6, 2011.

Review of the letter reveals that petitioner seeks a recommendation by this court of petitioner's placement in a Residential Re-Entry Center based on his good conduct and accomplishments during his incarceration and to facilitate his transition after release Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
> \* \* \*
> (4) any statement by the court that imposed the sentence—
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act*, cited by petitioner impacts the RRC program

as provided by Section 3621, and provides as follows in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement" and placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b) is called an "anytime RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011).

Construing such motion in a light most favorable to petitioner, the court considers it to be a motion made in accordance with 28, United States Code, Section 2255, requesting the court to amend its Judgement in a manner as to recommend placement in such program during the final year of incarceration When considered under Section 2255, the motion is time barred as it was filed more than one year after the date on which Judge Reidinger entered his Judgment, 28 U.S.C. § 2255(f)(1), and more than one year after the date on which the facts supporting the claims could have been discovered. 28 U.S.C. § 2255(f)(4).[1] Indeed, this would also be a second or successive petition as Judge Reidinger recently denied petitioner's Motion to Vacate (#118) by Order (#119) dated May 10, 2011.

To the extent petitioner asks that the court grant plaintiff relief in the first instance under the *Second Chance Act of 2007*, the provisions of 18, United States Code, Section 3624(c), concern actions to be taken by the Director of the Bureau of Prisons, not the court. Whether to place a person in any prerelease program appears to be a duty delegated to the

---

[1] 28 U.S.C. § 2255(f)(2) &(3) are inapplicable.

Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)). The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the court has no credible basis for making any such determination.

Finally, the court has considered whether petitioner is alleging that he has been denied any relief by the Bureau of Prisons under the *Second Chance Act of 2007*. Close review of the petition does not reveal any allegation that he exhausted his administrative remedies prior to seeking *habeas* relief. This means that petitioner must fully exhaust all avenues for relief afforded by the Bureau of Prisons before filing a petition with this court. With a projected release date of June 18, 2013, the earliest petitioner is likely to know whether the BOP will place him in an RCC is 19 months prior to his release date, Delfino v. Berkebile, 2011 WL at *4, which would be December 2011. Even if he had exhausted his BOP administrative remedies, such a motion would likely be a challenge brought under 28, United States Code, Section 2241, in the district in which he is incarcerated. Id.

* * *

Inasmuch as this motion concerns recommendations that were or were not included in the court's 2009 Judgment, the court has considered it to be filed under Section 2255 to afford the broadest possible consideration. While there is no relief this court can afford to petitioner, the court encourages petitioner to seek appropriate placement through his case manager at the Bureau of Prisons.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's letter dated September 27, 2011, is considered to be a Motion to Recommend Residential Re-Entry Center (RRC) Placement (#123), and deemed to be a Motion to Vacate, Set Aside or Correct a Sentence, is **DENIED** as time barred and as a successive petition, and, in the alternative, **DENIED** as seeking relief under 18, United States Code, Section 3624(c), which is not within the province of the court to grant as this district is not the district of incarceration under 28, United States Code, Section 2241.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 6, 2011

Max O. Cogburn Jr.
United States District Judge